## AZUBAH SPRING *vs.* JAMES H. WOODWORTH.

One who has applied for and obtained an appointment in this commonwealth, as guardian of minor children who have been under her care with the consent of their guardian appointed in another state, may nevertheless maintain an action against the latter for their support and education, after the time of her own appointment.

CONTRACT against a resident of Chicago, Illinois, for the support and education of Edward and Mary Spring, his minor wards. The children were taken into the care of the plaintiff, who was their aunt, in 1854, with the defendant's consent, and remained with her in Illinois and Ohio until June 1856, when they all came to Massachusetts. In June 1858, the plaintiff, on her own application, was appointed in Berkshire county as their guardian, without notice to the defendant. At the trial in the superior court, *Putnam,* J. ruled that the plaintiff could not recover for charges after the date of her appointment as guardian, and a verdict was returned accordingly. The plaintiff alleged exceptions.

*J. Branning,* for the plaintiff.

*M. Wilcox,* for the defendant.

HOAR, J.   We are of opinion that the right of the plaintiff to recover the whole amount due to her for the support of the defendant's wards is not controlled by the fact that she applied for and obtained an appointment as guardian in this commonwealth.   Without deciding upon the validity of that appointment, or whether it changed in any respect her relations to the minors, or their guardian under the laws of Illinois, it certainly does not appear that, by virtue of it, she obtained possession of any property available for the minors' support.   The duty of the defendant, either to transfer to her the property of the minors, or to provide in some manner for their maintenance, cannot be questioned.   On the other hand, a guardian is not obliged to provide for the support of his ward, when he has no property of the ward available for that purpose.   If there were a subsisting contract, by which the defendant had engaged to pay the plaintiff for the support of the minors, he would not be discharged from its obligation, until he had given her notice of its termination.   He would be entitled to indemnity out of the wards' estate, and is therefore no loser by the arrangement, so long as he consented that the plaintiff should furnish the support, and had not revoked his promise to pay for it.

*Exceptions sustained.*